# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7610 | **DATE** | January 10, 2011 |
| **CASE TITLE** | Aric Anthony Kirksey (#B-51061) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.72 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Lawrence Correctional Center. However, summonses shall not issue at this time. Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of this case.

■ [For further details see text below.]   **Docketing to mail notices.**

# STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Chicago police officers falsely arrested him, held him under inhumane conditions, subjected him to a coercive interrogation, and refused to afford him a probable cause hearing within twenty-one days of his arrest.

Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $3.72. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

**(CONTINUED)**

mjm

The court must review a complaint brought *in forma pauperis* to ensure that it states a non-frivolous claim against a defendant not immune from relief. *See* 28 U.S.C. § 1915(e)(2). The court's initial review of this complaint shows that Plaintiff's claims are time-barred.

In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Plaintiff Kirksey's complaint describes events that took place on in September and October 2007, over three years ago. Accordingly, any federal cause of action would seem to have expired, and it would be futile to amend the complaint to name the actual officers responsible for the alleged constitutional violations. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980) (FED. R. CIV. P. 15(c) does not permit a plaintiff to replace John Doe defendants with named defendants after the statute of limitations has expired).

Plaintiff does not appear to qualify as a class member in *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.). That class evidently comprised all persons arrested on suspicion of a felony without an arrest warrant who were detained by the Chicago Police Department in excess of 48 hours without a judicial probable cause hearing between August 15, 1999, and October 5, 2005. *See Dunn v. City of Chicago*, 231 F.R.D. 367 (N.D. Ill. 2005). Plaintiff may, however, wish to contact class counsel in that case to ascertain whether he is entitled to compensation pursuant to the settlement agreement reached in that case. Counsel's contact information is Loevy & Loevy, 312 North May Street, Suite 100, Chicago, Illinois 60607, (312) 243-5900.

For the foregoing reasons, Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of this case. Plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.