# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7610 (App. No. 11-1547) | **DATE** | March 16, 2011 |
| **CASE TITLE** | Aric Anthony Kirksey (#B-51061) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to appeal *in forma pauperis* [#12] is denied. The court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit. Plaintiff's motions for appointment of counsel on appeal [#11] and to "amend argument and relief" [#13] are denied for lack of jurisdiction.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Chicago police officers falsely arrested him, held him under inhumane conditions, subjected him to a coercive interrogation, and refused to afford him a probable cause hearing within twenty-one days of his 2007 arrest. By Minute Order of February 11, 2011, the Court dismissed the complaint on initial review pursuant to 28 U.S.C. § 1915A as time-barred.

Plaintiff has filed a notice of appeal from the final judgment and seeks leave to proceed *in forma pauperis*. For the reasons stated in the court's January 10,. 2011 order, however, the court concludes this case does not present a substantial issue meriting appellate review. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith. When a suit is found to be frivolous, an ensuing appeal generally cannot be "in good faith" under § 1915(a)(3). *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

Where the district court certifies that an appeal is not taken in good faith, Seventh Circuit rules require the appellant to pay the appellate fees in full. Plaintiff is directed to pay the full $455 fee within fourteen days; failure to do so may result in dismissal of the appeal. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). To contest this court's determination that the appeal is not taken in good faith, Plaintiff must file a motion for review with the Court of Appeals within thirty days of service of this order. *See* FED. R. APP. P. 24(a)(5).

mjm

In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied and Plaintiff is directed to pay the full filing fee within fourteen days or risk dismissal of the appeal.  Plaintiff is responsible for ensuring payment of the filing fees and should ensure that the institution having custody of him transmits the necessary funds.  Nonpayment for any reason other than destitution is construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*.  Plaintiff remains obliged to pay the filing fee in full even if he is released or transferred to another prison, and he is required, as well, to advise the Clerk of this Court in writing of any change of his address within seven days. .

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor.  Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

Plaintiff's motion "to amend argument and relief" is denied for lack of jurisdiction.  "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 835 (2002); *see also United States v. Ali*, 619 F.3d 713 (7th Cir. 2010). In any event, Plaintiff's clarification that he is suing Cook County and the State of Illinois for denying his post-conviction petition, and not the arresting officers for the underlying arrest, does not alter the conclusion that the complaint is untimely.  Plaintiff may appeal the denial of his post-conviction petition to the Illinois Appellate Court, the Illinois Supreme Court, and the U.S. Supreme Court, or, to seek federal review, may file a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254; *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  This court expresses no opinion on the merits or timeliness of any such proceedings.

Plaintiff has also filed a motion for appointment of counsel on appeal.  Again, the Seventh Circuit Court of Appeals, and not this court, has jurisdiction of the matter on appeal. *See* 28 U.S.C. § 1291. Plaintiff's motion for appointment of counsel is denied for lack of jurisdiction.

The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.